IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

RICARDO MENDOZA-MORALES,
et al.,

        Defendants.
_____

CR 05-98-RE

ORDER

REDDEN, Judge:

    Defendants Ricardo Mendoza-Morales, Oscar Aguirre-Sanchez, Jose Salinas-Correa, Jose Navidad Rios-Ruiz, Omar Vasquez-Chavez, Octavio Mendoza-Morales, and Hector Ricardo Villarruel-Lopez all seek a <u>Franks</u> hearing in connection with the wiretap motions they have filed in this case. <u>Franks v. Delaware</u>, 438 U.S. 154 (1978) (determining the circumstances in which it is appropriate to suppress evidence derived from a warrant issued on the basis of an affidavit that contained <u>false statements</u> concerning probable cause).

1  - ORDER

In the Ninth Circuit, a <u>Franks</u> hearing is appropriate where the defendant makes a substantial preliminary showing that a false statement was (1) deliberately or recklessly included in an affidavit submitted in support of a wiretap, and (2) material to the district court's finding of necessity. <u>United States v. Shryock</u>, 342 F.3d 948, 977 (9th Cir. 2003) (citing <u>United States v. Bennett</u>, 219 F.3d 1117, 1124 (9th Cir.2000)). A defendant must

> make specific allegations that indicate the portions of the warrant claimed to be false. There must be a contention of deliberate falsehood or reckless disregard for the truth. The allegations must be accompanied by a detailed offer of proof, preferably in the form of affidavits. The offer of proof must challenge the veracity of the affiant, not the informant. Finally, the challenged statements in the affidavit must be necessary to a finding of probable cause.

<u>United States v. Kiser</u>, 716 F.2d 1268, 1271 (9th Cir. 1983).

If an application contains material misstatements or omissions, the court must determine the true facts in an evidentiary hearing to determine whether a reasonable district court judge could have denied the application because necessity for the wiretap had not been shown. <u>United States v. Ippolito</u>, 774 F.2d 1482, 1485-87 (9th Cir. 1985).

In this case, defendants do not meet either of the threshold requirements for a <u>Franks</u> hearing. They have not made a substantial showing that the application or Agent Poikey's affidavit contain intentional or reckless misrepresentations or omissions. Even assuming the application or affidavit contained the misrepresentations or omissions, defendants have not shown materiality.

There will be no <u>Franks</u> hearing at the October 14, 2005, oral arguments on pretrial motions.

IT IS SO ORDERED.

Dated this 7th day of October, 2005.

   /S/ James A. Redden
James A. Redden
United States District Judge