UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

UNITED STATES OF AMERICA,                05-98-01-RE
                                         05-98-02-RE
                                         05-98-03-RE
                    Plaintiff,           05-98-04-RE
                                         05-98-07-RE
            v.
                                         OPINION AND ORDER
RICARDO MENDOZA-MORALES,
OCTAVIO MENDOZA-MORALES,
HERIBERTO MONTENEGRO-MENDEZ,
HECTOR VILLARRUEL-LOPEZ,
JOSE SALINAS CORREA,


                    Defendants.


REDDEN, Judge:

        This matter is before the court on the government's Offer of Proof for Pre-Trial

Admission of Voice Identification on Wiretap Transcripts (doc. 605).

        Defendants are charged in a Second Superseding Indictment with one count of conspiracy


PAGE 1 - OPINION AND ORDER

and nine counts of possession with intent to distribute methamphetamine, cocaine, or heroin.

Trial is set to begin on January 29, 2008. The government seeks a pre-trial evidentiary ruling

under Federal Rules of Evidence 104(a) and 901(a) admitting its evidence of voice identification

of the speakers on the wiretap transcripts.

The court held an evidentiary hearing on January 3, 2008, at which two government

wiretap-monitors, Jose Hermosillo and J.C. Mora, testified as to their voice identification

methods.

Federal Rule of Evidence 901(a) provides that "identification as a condition precedent to

admissibility is satisfied by evidence sufficient to support a finding that the matter in question is

what it purports to be." "Identification of a voice heard through electronic transmission or

recording" may be established by an "opinion based upon hearing the voice at any time under

circumstances connecting it with the alleged speaker" or other circumstantial evidence. Fed. R. of

Evid. 901(b)(5) & (6); see United States v. Turner, 528 F.2d 143, 163 (9th Cir. 1975) (Voice

identification may be made both by direct evidence in the form of opinion testimony and by

circumstantial evidence consisting of "telephone numbers, telephone wire tap locations, street

addresses, both given and surnames in telephone conversations, and the observed conduct of

appellants in visiting the places of residence of known co-conspirators."). Voice identifications

are admissible if the identifying witness is "minimally familiar" with the voice he identifies.

United States v. Plunk, 153 F.3d 1011, 1023 (9th Cir. 1998), amended on other grounds, 161

F.3d 1195 (9th Cir. 1998), cert. denied 526 U.S. 1060 (1999), overruled on other grounds, U.S. v.

Hankey, 203 F.3d 1160 n.7 (9th Cir. 2000). "Once the minimal showing has been made, the jury

determines the weight to accord to the identification testimony." U.S. v. Cuesta, 597 F.2d 915

PAGE 2 - OPINION AND ORDER

(5th Cir. 1979).

The government monitors testified they were able to identify the voices on wiretapped calls by hearing identifiers such as names, nicknames, accents, voice pitch, choice of words and phrases, and form of laughter. The monitors did not assume a voice identity solely because a telephone number was associated with the caller or recipient. The monitors frequently listened to a recording of a telephone conversation several times to make the voice identification.

On this record, I find the government has made the minimal showing necessary to authenticate the voice identifications based on the monitors' direct testimony and other circumstantial evidence presented as part of the offer of proof. Accordingly, the voice identifications associated with the transcripts of wiretapped telephone conversations are admitted into evidence.[1] The court will instruct the jury that they should not infer that the statements on the wiretap transcript were in fact made by a particular defendant merely because that defendant's name is printed on the transcript. The jury alone will decide the weight to be given to the government voice identification testimony.

IT IS SO ORDERED.

DATED this 4th day of January, 2008.


                                        James A. Redden
                                        Sr. United States District Judge

---

[1] There is no dispute regarding the accuracy of the transcripts.

PAGE 3 - OPINION AND ORDER